Martin Evans, J.
Plaintiff, in these seven actions, seeks to recover the penal sum of $500 from each defendant by reason of violation of article 41 of the Housing Maintenance Code of the City of New York (Administrative Code, ch. 26, tit. D). Plaintiff alleges, as to six of the defendants, that each failed, following acquisition of title, to file with the department a regis *702 tration statement setting forth the information required by section D26-41.03 of the code. - It is alleged that the seventh defendant failed to file what is known as a “ confidential telephone ’ ’ number, as required by section D26-41.03 (subd. [4]) of the code.
The action is brought under section D26-41.21 (subd. a) of the code which provides as follows: “ a. A person who is required to file a statement of registration or an amendment of a statement of registration or any other statement required under this article and who fails to file as required may, whenever appropriate, be punished under the provisions of article 52 of this code, and he shall be subject to a civil penalty of not less than two hundred and fifty and not more than five hundred dollars, recoverable by the department by civil action in a court of appropriate jurisdiction.”
Section D26-50.9 of the code sets forth the requirements of service in this language: “In any civil action or proceeding under this code, other than an action or proceeding to establish a priority lien, to obtain personal jurisdiction of a defendant, a copy of the summons either shall be delivered to the defendant therein named in person, or, if the defendant is registered with the department in accordance with article 41 of this code, a copy of the summons may be mailed to the defendant at the address registered with the department, or it may be delivered to a person of suitable age and discretion at such address.”
Plaintiff served defendants Mattocks and Groves by delivery of the summonses to others, who were deemed to be of suitable age and discretion and served defendants Marrero, Hickman, Sanchez and Williams by posting and mailing. Defendant Taylor was served personally as were defendants Dora Groves and Birtie Wesley which latter two were joined as codefendants in the action in which James Groves was served by delivery to a third person.
The court concludes that the manner of service on defendants Mattocks, James Groves, Marrero, Hickman and Sanchez was insufficient to give this court jurisdiction over said defendants, and the respective complaints, as to each of those defendants, are dismissed. Since defendant Williams was a registered owner, and defendants Taylor, Dora Groves and Birtie Wesley were personally served, the court has jurisdiction over those defendants.
Plaintiff has argued that the requirement of the code, as to those defendants who are not registered with the department, that “ a copy of the summons shall be delivered to the defendant named in person” permits service by any manner authorized *703 by CPLR 308, not limited to personal delivery. Plaintiff’s position is unsupported by the legislative history of that particular provision of the statute, and would lead to anomalous and prejudicial results if it was to be accepted.
The Official Revisers Notes to the Code, prepared by the Legislative Drafting Research Fund of Columbia University in 1967, clearly stated that the only method provided for service on a person not registered with the department was by personal delivery comparable to personal delivery under CPLR 308 (subd. 1).
The provisions are clear and unambiguous.
When the many serious sanctions and penalties available to the Housing Maintenance Department that may be imposed as the result of a transgression are considered, it is clear that personal delivery of a summons to obtain jurisdiction under the code is an appropriate requirement.
The civil actions and proceedings permitted under the code include recovery of penal sums between $250 and $500; and may be commenced against a person who sells a building for failure to notify the department on the date of transfer of the names and addresses of the purchasers as well as against a new owner (§ D26-41.05 (subd. a) and against one who may inherit, or otherwise acquire title by operation of law (§ D26-41.03). They may include actions which may result in mandatory injunctions (§ D26-50.ll, subd. c) and which may be brought by the department, a receiver, or by an aggrieved tenant; as well as actions to recover costs, expenses and disbursements (§ D26-57.01) and by individuals for personal damages (§ D2650.11, subd. e).
The penal nature of some of these actions, and the possibility that violation of a mandatory injunction may result in a finding of contempt of court and the imposition of a jail term are among the valid reasons why personal delivery should be required.
It is no answer, as the plaintiff suggests, that administrative convenience in the manner of service makes the suggested manner of service appropriate. Mere convenience should not be permitted to outweigh the grave dangers to personal liberty which might result.
The fears of the department that it could not effectuate emergency repairs or gain access to remove a dangerous condition unless it may make other than personal service are not justified; it has ample power to do these without personal service. Section D26-54.01 (subd. a) is only one of many *704 provisions giving it adequate remedies. It may obtain the appointment of a receiver without personal service (§§ D2655.05; D26-55.07).
Section D26-50.09 is clear and unambiguous; if it were to be read as plaintiff suggests, then the exceptions relating to the establishment of a priority lien and to persons who are registered with the department would be entirely unnecessary.
Judgment is granted, however, in the sum of $250 against defendants Taylor, Williams, Dora G-roves and Birtie Wesley in the respective actions.